Considered by TRUSSELL and LITTLETON.

---

HOUCK COMPANY, LTD., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 8159.   Promulgated July 14, 1927.

1. Evidence insufficient to prove that debts charged off during the taxable year 1919 as worthless were in fact ascertained to have become worthless in that year.

2. Under the Revenue Act of 1918 no deduction may be taken for a part of a debt charged off as worthless.

*C. M. Pasquier, C. P. A.*, for the petitioner.
*M. N. Fisher, Esq.*, for the respondent.

This proceeding is for the redetermination of a deficiency in income and profits taxes for the calendar year 1919 duly asserted by the respondent in the amount of $919.85. The petitioner alleges that the respondent has erred in determining the deficiency in the following particulars:

1. In disallowing as a deduction from gross income for the year 1919, the amount of $1,883.12, representing bad debts which were ascertained to have become worthless and which were charged off in that year.

2. In increasing the petitioner's taxable income for the year 1919 by the amount of $577.56 which, it is alleged, represents recoveries in the year 1920 on account of bad debts charged off in the year 1919.

### FINDINGS OF FACT.

The petitioner is a corporation organized and existing under the laws of the State of Louisiana. It was during the years 1919 and 1920, and for several years prior thereto, engaged in a general merchandise business at Gibsland, La. It also bought and sold cotton.

A considerable part of the sales made by the petitioner were made on credit. In keeping its accounts of the sales made on credit, the petitioner used two sets of books, one a bound ledger and one a loose-leaf ledger, and also charge tickets. The charge tickets were used for accounts which the petitioner did not consider large enough to go into the books. At the end of each year all the books were submitted to J. H. Houck, secretary, treasurer and general manager of the petitioner, who perused all of the accounts and after checking one with another, would arrive at a fair estimate of the amount of the total credit accounts to be charged off as worthless. Each individual account was not considered by itself with respect to its worthlessness in order to determine whether it was at that time worthless in fact.

On December 31, 1919, in accordance with the petitioner's practice, the books of account were submitted to J. H. Houck, who, after checking over the accounts carried on the loose-leaf ledger, decided that 50 per cent of the total amount carried thereon, represented by numerous individual accounts, was the proper amount to charge off for the year 1919 on account of bad debts. Individual accounts, as such, were not considered and then charged off after it had been determined that they were in fact worthless at that time. The amount of $3,766.24 in credit accounts was carried on the loose-leaf ledger on December 31, 1919, and 50 per cent of that amount, or $1,883.12, was charged off at that time on account of bad debts.

On December 31, 1919, the petitioner charged off in addition to the amount of $1,883.12 described above, the amount of $577.56 on account of bad debts. Of this amount $427.56 was represented by a debt owing to the petitioner by Miles Richardson who on January 26, 1920, executed and delivered to the petitioner a promissory note for that amount. The amount of this note was reported by the petitioner in its 1920 return for the purpose of taxation. Richardson has left the vicinity and the note has never been paid. Also, on December 31, 1919, the petitioner charged off as a bad debt the amount of $150 then owing to it by H. G. Harrell. On January 15, 1920, Harrell executed and delivered to the petitioner a promissory note for $275, which represented the amount of $150 charged off as a bad debt and also another note of Harrell's in the amount of $125 held by the petitioner and which had not been charged off. When the note for $275 was received the petitioner restored the amount of

$150 on its books as income from bad debts recovered and on December 31, 1920, the amount of $275 was charged off as worthless. In February, 1921, Harrell paid $75 on this note.

The petitioner kept its books on the accrual basis.

Upon audit of the petitioner's return for the calendar year 1919, the Commissioner disallowed as a deduction from gross income for that year the amount of $1,883.12, representing 50 per cent of the accounts carried on the loose-leaf ledger, which was deducted on account of alleged bad debts, and he also determined that the amounts of $427.56 and $150 represented by the notes received in the year 1920 from Richardson and Harrell, respectively, should be included in taxable income for the year 1919.

OPINION.

LOVE: We will consider first the petitioner's contention that the amount of $1,883.12 represented debts ascertained to be worthless and charged off within the taxable year 1919, and that for that reason the amount so charged is a proper deduction from gross income for that year.

The evidence presented in this proceeding clearly establishes the fact that the petitioner, in arriving at the amount of $1,883.12 taken as a deduction for bad debts, did not charge off particular accounts. The petitioner, however, estimated that 50 per cent of the accounts carried on the loose-leaf ledger were bad and accordingly deducted one-half of the total amount of those accounts.

Under the provisions of the Revenue Act of 1918, a so-called bad debt is an allowable deduction from gross income only when ascertained to be worthless and charged off within the taxable period. *Appeal of Ed C. Lasater*, 1 B. T. A. 956. The first prerequisite, then, in order that a debt may be charged off is that it be ascertained to be worthless in fact. The petitioner, the evidence shows, did not ascertain any particular debt to be in fact worthless in the year 1919. The petitioner's secretary, treasurer and general manager testified that he was familiar with all the circumstances surrounding the debtors; that he considered the debts worthless; that every effort had been made to collect the debts.

However, the petitioner faces another difficulty. Particular and specific debts were not charged off in 1919 but, on the contrary, 50 per cent of the total of certain accounts. In order to come within the provisions of the Revenue Act of 1918 authorizing the deduction on account of bad debts, a particular debt must be ascertained to be worthless and the entire amount thereof charged off. The Revenue Act of 1918 does not permit a taxpayer to charge off a debt in part. *Appeal of Steele Cotton Mill Co.*, 1 B. T. A. 299. The petitioner,

therefore, has not complied with the terms of the statute and for that reason the determination of the respondent in disallowing as a deduction from gross income for the year 1919 the amount of $1,883.12 on account of bad debts, is approved.

With respect to the contention advanced by the petitioner to the effect that the respondent has erroneously increased its taxable income for 1919 in the amount of $577.56, which it alleges represents recoveries in the year 1920 on account of bad debts charged off in 1919, we must hold that the respondent has erred.

The petitioner strongly urges that under no circumstances could the recoveries made in 1920 constitute income for the year 1919. That contention, of course, would not be sound if the propriety in charging off in 1919 the amounts in question on account of bad debts were in dispute. However, that is not the case.

The debts owing to the petitioner by Richardson and Harrell were charged off in 1919 and it is not suggested anywhere that such action was not justified because the debts were not worthless. The issue squarely presented is whether the amount of $577.56 was recovered in the year 1919 or in 1920.

The evidence clearly shows, and we find it to be a fact, that the amount of $577.56 represented by the debts owing to the petitioner by Richardson and Harrell was charged off in 1919, and that in January, 1920, the petitioner received from Richardson and Harrell notes in the amount of $702.56, of which the amount of $577.56 had been charged off in 1919 as bad debts. The petitioner kept its books on an accrual basis and in the year 1920 set up the amount represented by the notes as income for the year. The respondent erred, therefore, in increasing the petitioner's income for the year 1919 in the amount of $577.56 recovered in 1920.

*Judgment will be entered on 15 days' notice, under Rule 50.*

Considered by LITTLETON and TRUSSELL.